**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Stephen Joseph Mocco,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-16-00474-TUC-RCC (JMR)<br><br>**ORDER** |

Pending before the Court is Petitioner Stephen Mocco's Motion to Stay (Doc. 33) and a Report and Recommendation ("R & R") prepared by Magistrate Judge Jacqueline M. Rateau (Doc. 39). Petitioner requests a stay of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 so he can exhaust a new ineffective assistance of counsel claim in state court. For the following reasons, this Court shall deny the motion and accept and adopt the R & R as the findings of fact and conclusions of law by this Court.

**Standard of Review**

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28

U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001).

**Discussion**

On July 30, 2015, the Arizona Supreme Court denied Mocco's petition for review. Doc. 26-3. On July 13, 2016, Petitioner filed a petition for writ of habeas corpus with this Court. Doc. 1. There, he raised three grounds for relief: (1) the trial court erred by denying his motion to sever; (2) the State failed to disclose material evidence; and (3) his sentence was illegal. The parties agree that these three claims are exhausted. On April 27, 2017, Petitioner filed a motion to stay the instant habeas proceeding so that he could exhaust a new ineffective assistance of counsel claim in state court. Doc. 33. On June 29, 2017, Magistrate Judge Rateau issued a R & R recommending that this Court deny the motion to stay in part because Petitioner did not explain his new claim. Doc. 39 at 4. In his objections to the R & R, Petitioner clarifies and states that he recently discovered pretrial work product of trial counsel whereby trial counsel discussed potential plea agreements with the state prosecutor. Doc. 42. No plea agreement was ever formally offered. Additionally, it appears that Petitioner has yet to file a new petition in state court.

This circuit has held that where a petition contains claims that are fully exhausted and the petitioner seeks a stay-and-abeyance to exhaust claims that were not raised in the current petition, then the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), applies. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under *Kelly*, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended fully exhausted petition, allowing the petitioner the

1  opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. *King*, 564 F. 3d at 1135. However, the filing of a federal habeas petition does not toll AEDPA's statute of limitations. *King*, 564 F.3d at 1141. A petitioner has one year from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1). A petitioner may also only "amend a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claims shares a 'common core of operative facts' with the claims in the pending petition . . . a new claim does not 'relate back' to the filing of an existing petition simply because it arises from the same trial, conviction, or sentence." *Id*. (internal citations and quotations omitted).

Here, Petitioner's motion to stay must be denied because his new habeas petition claim does not relate back to the original habeas claims. Petitioner's new claim must relate back to the original claim because the new claim is now outside of the one year limitations period. Petitioner's new claim does not relate back to the original claim because the original claims makes allegations regarding decisions made by either the trial court or the state prosecutor while the new claim only makes an allegation regarding Petitioner's trial counsel. Because the new claim does not contain a common core of operative facts with the old claim, Petitioner's new claim cannot relate back to the old claim. Therefore, Petitioner's motion to stay must fail because even if he exhausts his new claim in state court, the new claim cannot be attached to the original petition.

…
…
…
…
…
…
…
…

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to Magistrate Judge Rateau's R & R are overruled. Doc. 42.

**IT IS FURTHER ORDERED** that Magistrate Judge Jacqueline M. Rateau's R & R is accepted and adopted as the findings of fact and conclusions of law by this Court. Doc. 39.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay is denied. Doc. 33.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time is granted. Doc. 40.

Dated this 22nd day of August, 2017.

_____
Honorable Raner C. Collins
Chief United States District Judge