# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Joseph Mocco,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-00474-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Stephen Joseph Mocco's Petition for Writ of Habeas Corpus (doc. 1), a report and recommendation ("R&R") prepared by Magistrate Judge Jacqueline Rateau (doc. 50), Mocco's objections to the R&R (doc. 52), the government's response and Mocco's reply. In the R&R, Magistrate Judge Rateau recommends that this Court denies Mocco's petition. After considering all filings, this Court shall overrule Mocco's objections and accept and adopt the R&R as the findings of fact and conclusions of law of this Court.

Mocco makes four objections to the R&R. In his first objection, Mocco argues that his sentence was illegal because his sentence was based, in part, on aggravating factors found by the trial court and not the jury in violation of Blakely v. Washington, 542 U.S. 296 (2004). Mocco is correct in pointing out that he was actually sentenced on August 19, 2004 and not February 14, 2003, but this does not alter the otherwise proper analysis found in the R&R. As discussed in the R&R, the trial court found several aggravating factors and these factors were Blakely-exempt. Because Blakely does not proscribe the

1 trial court's application of aggravating factors, this Court shall overrule Mocco's first
2 objection.
3 In his second objection, Mocco argues that the R&R wrongly finds that he failed
4 to fairly present the federal nature of Ground One in his petition. Mocco largely reargues
5 this claim but to the extent he now makes new arguments they do not change the fact that
6 the argument Mocco offered in his brief to the Arizona Court of Appeals was based
7 exclusively on Arizona authority. Thus, he did not federalize this ground and this
8 objection must fail.
9 In his third objection, Mocco disagrees with the R&R's conclusion that the state's
10 failure to disclose a victim's mental health records did not violate Brady v. Maryland,
11 373 U.S. 83 (1963). As discussed in the R&R, the prosecutors were not required to "learn
12 of or search for information in the possession of agencies that are not at all involved in
13 the government's investigation or prosecution." United States v. Rodriguez, 360 F. App'x
14 743, 747 (9th Cir. 2009). Thus, this objection is overruled.
15 Mocco's fourth objection again takes issue with the R&R's conclusion that his
16 sentence was not illegal under Blakely. However, as discussed in the R&R, Mocco fails
17 to acknowledge that Arizona's sentencing scheme exposes a defendant to a fully
18 aggravated sentencing range once one Blakely-compliant aggravating factor is found.
19 Thus, this objection is also overruled.
20 In conclusion, the Court has reviewed Magistrate Judge Rateau's Report and
21 Recommendation, the parties' briefs, and the record. The Court finds no error in Judge
22 Rateau's Report and Recommendation. Accordingly,
23 …
24 …
25 …
26 …
27 …
28 …

**IT IS ORDERED** that the Report and Recommendation (Doc. 50) is accepted and adopted in full.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is denied. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 7th day of January, 2019.

_____
Honorable Raner C. Collins
United States District Judge